SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13-3255

-----------------------------------------------------------x

NOELIA ACEVEDO, LAZARO HERNANDEZ, NOEL LOPEZ, and JOANNA VASQUEZ,

                      Plaintiff,

-against-

CITY OF NEW YORK; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

-----------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

**GARAUFIS, J.**

**SCANLON, M.J.**

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiffs Noelia Acevedo, Lazaro Hernandez, Joanna Vasquez and Noel Lopez ("plaintiffs") are residents of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     Plaintiffs were in their apartment at 354 Stanley Avenue at approximately 2:00 p.m. on December 6, 2013 when a group of officers knocked down the front door and entered with their guns drawn.

12.     The officers did not have a warrant. The officers told plaintiffs they were looking for Rafael Castillo, a family friend.

13.     When the officers entered plaintiffs home, Rafael Castillo was already in police custody.

14.     The officers threw each plaintiff to the ground.

15.     Each plaintiff was placed in handcuffs.

16.     The Plaintiffs, in handcuffs, were forcibly removed them from their residence and taken to a police van; in full view of their neighbors.

17.     Defendants never informed plaintiffs why they were being arrested.

18.     The officers transported plaintiffs to the precinct where they were placed in police cells.

19.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing various crimes. Plaintiffs learned that Rafael Castillo had been arrested earlier that day.

20.     Approximately one day later, on August 23, 2012, plaintiffs were transported from the police precinct to Brooklyn Central Booking.

21. Noellia Acevedo was released without seeing a judge. The other plaintiffs were arraigned in Kings County Criminal Court.

22. Ultimately, all charges against plaintiffs were dismissed.

23. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

24. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

25. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

27. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

29. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

33. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

39. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

40. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### Failure To Intervene

41. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

45. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

46. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

47. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

48. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

49. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

50. Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is

>sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (JBW) (E.D.N.Y. Nov. 25, 2009).

52. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

53. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:  June 4, 2013
        New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiffs*